# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIMEON YISRAEL,

        Petitioner,    :    Case No. 1:12-cv-764

 - vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

NORMAN ROBINSON,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Simeon Israel brought this action pursuant to 28 U.S.C. § 1651, for a "Lawful Determination of the Legality of Length of Confinement" (Petition, Doc. No. 6). In the body of the Petition, he asserts the trial court lacked jurisdiction over this matter because the Hamilton County Court of Common Pleas "has no official record of the instiguation [sic] of prosecution against Yisrael." *Id.* at PageID 15.

Magistrate Judge Bowman, to whom this case was initially assigned, issued a standard Order directed the Norman Robinson as the Warden of the Chillicothe Correctional Institution to respond as if Yisrael had filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 7). Judge Bowman noted that Yisrael had purported to bring this action under the All Writs Act, 28 U.S.C. § 1651, but because that statute "does not provide for the relief petitioner seeks" and "[d]ue to petitioner's *pro se* status," the petition was construed as being under 28 U.S.C. § 2254.

Obeying Judge Bowman's Order, the Respondent filed a Return of Writ appropriate to an

action in habeas corpus (Doc. No. 12). Yisrael has filed an Objection to the Return (Doc. No. 13) in which he renews the position he took in response to Judge Bowman's Deficiency Order (See Doc. No. 4), to wit, that this is not a habeas corpus action under 28 U.S.C. § 2254. As respondent reminds the Court in the Return of Writ, federal courts are not to recharacterize cases filed under different labels as habeas corpus actions without warning the petitioner of the consequence, to wit, that filing a second or successive habeas petition will require permission from the Sixth Circuit Court of Appeals (Return, Doc. No. 12, PageID 39-42). At this point the Court will take Yisrael at his repeated words and treat this as an action under the All Writs Act, 28 U.S.C. § 1651.

In his Petition, Yisrael does not seek release from his confinement, but merely that the Respondent be ordered to show "the true cause and lawful cause of his confinement at Chillicothe Corr. Inst." (Petition, Doc. No. 6, PageID 15.)

In the Return of Writ, Respondent has done precisely what Petitioner asked, at least in part: shown the true cause of his confinement. The record submitted with the Return shows that the Grand Jury for Hamilton County, Ohio, returned an Indictment in the Hamilton County Common Pleas Court charging Yisrael and others in sixty-two counts of forgery, theft, possession of criminal tools, and engaging in a pattern of corrupt activity, all felonies under Ohio law (Return of Writ, Doc. No. 12-1, PageID 48-75. Thereafter on January 2, 2007, Yisrael withdrew his prior not guilty plea and agreed to plead guilty to seven counts of theft, two counts of forgery, and one count of engaging in a pattern of corrupt activity in return for dismissal of the other fourteen counts pending against him and an agreed sentence of ten years imprisonment concurrent with the term he was then serving in Kentucky. *Id.* at PageID 84-85. On the same day, Hamilton County Common Pleas Judge Steven E. Martin imposed the agreed upon sentence

(Judgment Entry, Doc. No. 12-1, PageID 88-90). The Return of Writ expressly shows that Respondent Norman Robinson is the Warden of the Chillicothe (Ohio) Correctional Institution and "maintains custody of Petitioner Simeon Yisrael, inmate # 619-736, pursuant to a judgment of convictions for theft, forgery [,] and engaging in a pattern of corrupt activity issued by the Hamilton County Court of Common Pleas." (Return, Doc. No. 12, PageID 28).

Yisrael makes several claims about the legality vel non of his confinement. He asserts that a "criminal complaint with the facts of the crime, not heresay [sic] and conforms to the Fourth Amendment of the U.S. Constitution, should be part of the Public record, but it is not." Under Ohio R. Crim. P. 3, a criminal complaint is a written statement of the offense charged. It must be made upon oath, but neither the Criminal Rules nor the Fourth Amendment exclude hearsay. However, no such complaint is necessary in a proceeding where a grand jury has returned an indictment and in this case there was an indictment and also a warrant issued on that indictment. The grand jury's finding of probable cause is sufficient to authorize issuance of a warrant under the Fourth Amendment.

Yisrael also questions "why weren't the provision[s] of O.R.C. 1931.02 applied to the instant case[?]" (Petition, Doc. No. 6, PageID 15.) No such statute exists.

Because Yisrael has now received all the relief he requested in his Petition, the Petition should be dismissed without prejudice as moot. The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

January 28, 2014.

                 s/ *Michael R. Merz*
                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).