UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SIMEON YISRAEL,

    Plaintiff,

v.

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

    Defendant.
.

Case No.: 1:12CV764

Barrett, J.
Merz, M.J..

## ORDER

This matter is before the Court on the Magistrate Judge's January 28, 2014 Report and Recommendation (Doc. 15).  The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner.  *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Petitioner timely filed his Objections to the Report on February 6. 2014.  (Doc. 24).

**I.**  **PROCEDURAL BACKGROUND**

On or about February 25, 2013, Petitioner filed a pro se writ under the All Writs Act, 28 U.S.C. § 1641, seeking "Lawful Determination of the Legality of the Length of Confinement." (Doc. 6).  Petitioner challenges the jurisdiction of the trial court over this matter, asserting "[that] the Hamilton County Court of Common Pleas . . . has no official record of the instiguation [sic] of Prosecution against Yisra[e]l." (*Id.*, at PageID 15).

In the Report and Recommendation, the Magistrate Judge acknowledges Petitioner's position that this is not a habeas corpus action under 28 U.S.C. § 2254, and indicated that he

1

"will take Yisrael at his repeated words and treat this as an action under the All Writs Act, 28 U.S.C. § 1651."  (Doc. 15, PageID 434).  To that end, the Magistrate Judge recognized that Petitioner does not seek release from confinement, but instead requests that Respondent be ordered to show "'the true cause and lawful cause of his confinement at Chillicothe Corr. Inst.'" (*Id.*) (quoting Doc. 6, PageID 15).  After reviewing the Petition and the Return of Writ, the Magistrate Judge concluded that the Petition should be dismissed without prejudice as moot for the following reasons.

First, the Magistrate Judge concluded that Respondent's Return of Writ addressed, with specificity, precisely what Petitioner asked.  (Doc. 15 PageID 434) (explaining how "the Grand Jury…returned an Indictment in the Hamilton County Common Pleas Court charging [Petitioner]…in sixty-two counts of forgery, theft, possession of criminal tools, and engaging in a pattern of corrupt activity . . . .").  The Report further explains, that Petitioner withdrew his prior plea of not guilty and agreed to plead guilty to seven counts of theft, two counts of forgery, and one count of engaging in a pattern of corrupt activity in return for dismissal of the other fourteen counts pending against him and an agreed sentence of ten years imprisonment concurrent with the term he was then serving in Kentucky.  (*Id.*, at PageID 435) (citing Doc. 12-1, PageID 84-85).

Second, the Magistrate Judge recognized that Respondent, Norman Robinson, is the Warden of the Chillicothe Correctional Institute, located in Chillicothe, Ohio.  (Doc. 15, PageID 435) (citing Doc. 12 PageID 28). As such, Respondent "'maintains custody of Petitioner . . . pursuant to a judgment of convictions for theft, forgery[,] and engaging in a pattern of corrupt activity issued by the Hamilton County Court of Common Pleas.'"  (*Id.*) (quoting Doc. 12, PageID 28).

Third, the Magistrate Judge concluded that Petitioner is inaccurate in his understanding and interpretation of criminal complaints, as they relate to the Fourth Amendment of the United States Constitution. (Doc. 15, PageID 435) (explaining that "no such [criminal] complaint is necessary in a [legal] proceeding where a grand jury has returned an indictment and in this case there was an indictment and also a warrant issued on that indictment").

Fourth, the Magistrate Judge concluded that no statute exists regarding Petitioner's question about the trial court's failure to apply "O.R.C. § 1931.02."  (Doc. 15, PageID 435) (citing Doc. 6, PageID 15).

Thus, the Magistrate Judge indicated that Petitioner received all the relief he requested within his Petition, and therefore, recommended that the Petition be dismissed without prejudice as moot and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous. (Doc. 15, PageID 435).

## II.     STANDARD OF REVIEW

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III.    ANALYSIS

In Petitioner's objections, he makes several arguments that the Court must construe liberally given his pro se status. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519 (1972) (holding that pro se pleadings are to be "held to 'less stringent standards than formal pleadings drafted by lawyers'"). For the reasons explained below, however, Petitioner's objections are overruled.

First, Petitioner argues that his Petition is not moot because Respondent failed to provide any "formal, lawful showing of any criminal complaint" to him or a "formal charging document" demonstrating jurisdictional authority as required by the Fourth Amendment of the United States Constitution. (Doc. 16, PageID 437-38). As the Magistrate Judge correctly explained, however, "no such complaint is necessary in a proceeding where a grand jury has returned an indictment" and "in this case there was an indictment and also a warrant issued on that indictment." (Doc. 15, p. 435). Moreover, the formal charging document – the indictment – was indeed submitted by the Respondent along with the Return of Writ. (Doc. 12-1, PageID 47-75). Petitioner's reliance on *United States v. Patterson*, 150 U.S. 65 (1893) does not change the undersigned's conclusion. (Doc. 16, PageID 437). *Patterson* was a case involving a narrow issue of whether a commissioner to the circuit court of the United States for the Western District of North Carolina was entitled to compensation for various services performed by the commissioner, prior to the filing of a formal written complaint and arrest of the defendants. 150 U.S. at 68-69. The Court's decision thus was limited to considering when a criminal charge could be initiated to provide for such compensation. *Id.* The Court did not address every specific means by which criminal charges could properly be initiated in compliance with the Fourth Amendment. *See id.* In fact, the Court broadly stated that "[i]n the eyes of the law a person is charged with a crime only when

4

he is called upon, in a legal proceeding to answer to such a charge." *Id.* at 68. That does not rule out indictments as an acceptable method of formally charging an individual with a crime.[1]

Similarly, Petitioner's reliance (Doc. 16, PageID 437) on *State v. Mbodji*, 129 Ohio St. 3d 325, syllabus (2011), is misplaced. While the syllabus of *Mbodji* indicates that a complaint that meets the requirements of Crim. R. 3 invokes the subject-matter jurisdiction of a trial court, and it discusses a criminal complaint and affidavit signed by a private citizen, it does not indicate that such a criminal complaint is the only means by which criminal charges may be formally initiated. 129 Ohio St. 3d at syllabus. Thus, Petitioner has failed to demonstrate that his Petition is not moot due to lack of a formal charging document.

Second, Petitioner generally contends that "[a] grand jury's finding of probable cause is not sufficient to authorize a warrant under the Fourth Amendment." (Doc. 16 PageID 438). The Court disagrees, and instead concurs with the Magistrate Judge's conclusion that a "grand jury's finding of probable cause is sufficient to authorize issuance of a warrant under the Fourth Amendment." (Doc. 15, PageID 435); *see State v. Fairbanks*, 32 Ohio St. 2d 34, 39 (1972) (recognizing that the Fourth Amendment guarantees that a warrant will not issue except on probable cause, but recognizing that "[g]rand juries daily determine probable cause prior to rendering indictments"); *State v. Lawson*, No. 2001-L-071, 2002-Ohio-5605, 2002 Ohio App. LEXIS 5612 (11th Dist. Oct. 18, 2002) ("The Fourth Amendment requires that arrest warrants be based upon probable cause supported by Oath or affirmation—a requirement that may be satisfied by an indictment returned by a grand jury. . . ." and "[a]n indictment fair upon its face,

---

[1] Moreover, Black's Law Dictionary (9th ed. 2009) defines 1) "charging instrument" as a "formal document— . . .either an indictment or an information—that sets forth an accusation of a crime"; 2) "complaint" in the criminal context as "a formal charge accusing a person of an offense" and it cites as examples an "Indictment" and an "Information"; and 3) "indictment" as the "formal written accusation of a crime, made by a grand jury and presented to a court for prosecution against the accused person" or "the act or process of preparing or bringing forward such a formal written accusation." *See also* Ohio Crim. R. 7 (discussing indictments and informations).

5

and returned by a properly constituted grand jury, *conclusively* determines the existence of probable cause and *requires* the issuance of an arrest warrant *without further inquiry*.") (citing *Kalina v, Fletcher*, 522 U.S. 118, 129 (1997); *Gerstein v. Pugh*, 420 U.S. 103, 119 fn. 19 (1974)) (internal quotations omitted) (emphasis in original).

Third, Petitioner objects to the Magistrate Judge's statement that Petitioner cited to a non-existent Ohio Rev. Code § 1931.02, arguing that he instead cited to Ohio Rev. Code § 2931.02. (Doc. 16 PageID 438). Again, the Court disagrees. In the last paragraph on the first page of his Petition, Petitioner specifically states, "And why weren't the provision [sic] of O.R.C. 1931.02 applied to the instant case." Doc. 6 PageID 15). After researching the matter further, this Court concludes that the Magistrate Judge correctly stated that Ohio Rev. Code § 1931.02 does not exist. Even if Petitioner intended to reference, as he claims, Ohio Rev. Code § 2931.02, his Petition still would be moot. Section 2931.02 refers to the jurisdiction of county court judges. Pursuant to that section, a county court judge has:

> jurisdiction in criminal cases throughout his area of jurisdiction. He may hear complaints of [breach of] the peace and issue search warrants. Judges of county courts have jurisdiction on sworn complaint, to issue a warrant for the arrest of a person charged with the commission of a felony where it is made to appear that such person has fled or is outside this state and it is necessary or desirable to extradite such person.

Ohio Rev. Code § 2931.02. Petitioner has presented no explanation apart from the arguments presented above and to the Magistrate Judge, which have been rejected, as to why this section was not properly followed and how it makes his claim not moot. Accordingly, the objection is overruled.

Finally, while not relevant to the central issue of mootness, Petitioner objects to his "pleading being characterized as frivolous." (Doc. 16 PageID 438). Nevertheless, the Court

6

agrees with the Magistrate Judge that any appeal from a holding of mootness—which indicates that the matter is no longer viable—would be frivolous if appealed.

## IV.   CONCLUSION

Consistent with the foregoing, Petitioner's objections (Doc. 16) are **OVERRULED**, and the Court **ADOPTS** the Report (Doc. 15) in its entirety.  It is ORDERED that:

1)  the Petition (Doc. 1) is DISMISSED WITHOUT PREJUDICE AS MOOT; and

2)  any appeal of this Opinion and Order would be objectively frivolous.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT
